UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FASIL TECLE,<br><br>                Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 2:20-cv-00012-JRC<br><br>ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 2. This matter is before the Court on plaintiff's unopposed motion for attorney's fees pursuant to 42 U.S.C. § 406(b). *See* Dkts. 35, 38. Although defendant does not oppose the fees requested, defendant seeks to clarify that fees previously awarded under § 406(a) are not relevant. *See* Dkt. 38, at 2.

      The Court may allow a reasonable fee for an attorney who represented a claimant before the Court and obtained a favorable judgment, as long as the fee is not in excess of twenty-five percent of the total past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v. Barnhart*, 535

U.S. 789 (2002).  When a contingency agreement applies, the Court will look first to the agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved.  *See Grisbrecht*, 535 U.S. at 807–08.  Although the fee agreement is the primary means for determining the fee, the Court will adjust the fee downward if substandard representation was provided, if the attorney caused excessive delay, or if a windfall would result from the requested fee.  *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Grisbrecht*, 535 U.S. at 808).

Here, the representation was standard, at least, and the results achieved excellent.  *See* Dkt. 31; *Grisbrecht*, 535 U.S. at 808.  The parties stipulated to a remand in this Court, and on remand plaintiff was awarded benefits.  Dkt. 35-2, at 1.  There has not been excessive delay, and no windfall will result from the requested fee.

Plaintiff's total back payment was $184,782.00.  Dkt. 35-2, at 5.  Plaintiff's attorneys have previously been awarded (1) $3,637.17 (EAJA award in plaintiff's prior case, with a different attorney, that resulted in a remand); (2) $1,635.98 (EAJA award in plaintiff's prior case that resulted in a remand); (3) $2,986.36 (EAJA award in this case); (4) $6,000 (fee for plaintiff's attorney's work before the Administration).  *See* Dkt. 38, at 1–2.  Plaintiff's attorney states that awards (2) and (3) were offset in their entireties because plaintiff had outstanding debt.  Dkt. 36, at 2.  Plaintiff's attorney seeks an additional $17,000 in attorney fees.  Even if all amounts previously awarded were given to plaintiff's attorney, the total would be less than 25% of the back pay in this matter.

In any event, the Court agrees with defendant that the $6,000 agency level fee is not relevant.  *See Weirick v. Comm'r of Soc. Sec. Admin.*, No. CV-17-03817-PHX-JAT, 2021 WL

ORDER GRANTING UNOPPOSED MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 2

5493430, at *1 (D. Ariz. Nov. 23, 2021) ("The 25% caps on attorney fees are at the agency level and the court level respectively; in other words, there is not a 25% cap on aggregate fees awarded under § 406(a) and § 406(b)." (citing *Culbertson v. Berryhill*, 139 S. Ct. 517, 522–24 (2019))). The Court declines to take into consideration amounts used to satisfy plaintiff's debts (*see, e.g.*, *Salinas v. Comm'r of Soc. Sec.*, No. 1:15-CV-00976-EPG, 2022 WL 484905, at *4 (E.D. Cal. Feb. 16, 2022)) or amounts paid to plaintiff's prior attorney. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1220 (9th Cir. 2012). Thus, the $17,000 amount that plaintiff's attorney seeks is reasonable.

Based on plaintiff's unopposed motion and supporting documents (*see* Dkts. 35, 38), it is hereby ORDERED that attorney's fees in the amount of $17,000 be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b). If the Social Security Administration is still withholding this amount, it is directed to send this amount to plaintiff's attorney, Amy Gilbrough, minus any applicable fees ordered by statute. Any past-due benefits withheld by the Commissioner in excess of the amount allowed pursuant to the order may be released to plaintiff; and the Commissioner may make any payment of withheld past-due benefits to the address of plaintiff's attorney that is registered with SSA.

Dated this 4th day of April, 2022.

J. Richard Creatura
Chief United States Magistrate Judge